**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| **ARTURO NOGUEDA, on behalf of Himself and all other employee similarly Situated, known and unknown,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Cause No.: 2:09-CV-374 PPS** |
| **v.** | ) ) | |
| **GRANITE MASTERS, INC., an Indiana Corporation, SLOBODAN MILUTINOVIC, Individually, and LJILJANA MILUTINOVIC,** | ) ) ) ) ) | |
| **Defendants** | ) ) | |

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR AN ORDER AUTHORIZING NOTICE TO SIMILARLY SITUATED
PERSONS PURSUANT TO 29 U.S.C. § 216(b).</u>**

COME NOW Defendants, Granite Masters, Inc., an Indiana Corporation, Solobdan Milutinovic, individually, and Ljiljana Milutinovic ("Granite Masters") by and through their attorney, Anna M. Hearn, and file their Motion in Opposition to Plaintiff's For Order Authorizing Similarly Situated Persons Pursuant to 29 U.S.C 216(b), and ask that this Court deny Plaintiff's Motion in its entirety, and in support of said opposition, state as follows:

**I.     INTRODUCTION**

Plaintiff has brought this instant Motion to ask that this Court allow him to notify an alleged potential class of "similarly situated persons" of facts of this lawsuit and their alleged potential rights. Plaintiff's motion founders in that, *inter alia,* Plaintiff has failed to meet his burden, that Plaintiff cannot identify a potential class of similarly situated persons it seeks to notify, Plaintiff cannot identify a common policy, or plan that Granite Masters is alleged to have acted under, and Plaintiff's request is overbroad.  For these reasons, as discussed below,

Plaintiff's Motion should be denied in its entirety, Plaintiff should not be permitted to send any notice to an alleged class of "similarly situated persons" and should similarly be prohibited from restricting Granite Masters speech in any manner.

## II.  BACKGROUND

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et. seq.* on behalf of "himself and all other employees similarly situated." Paragraph I of this Complaint alleges, "[t]his action arises under the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 201, *et. seq.* as a result of the alleged Defendants' failure to pay overtime compensation to the Plaintiff, and other similarly situated employees of the Defendants (the "Plaintiff Class"). Paragraph I of the Complaint further alleges that the "Defendants failed and refused to pay the Plaintiff Class time and one half overtime compensation for the hours they worked in excess of 40." Plaintiff brought the instant action as a "collective action on behalf of himself and the Plaintiff class." (Complaint, Caption). Upon reviewing this Honorable Court's docket, no opt-in certifications were attached as the FLSA requires.

Plaintiff even failed to attach the "opt-in" certification for himself, and for Plaintiff's own son, Eduardo Perez. (Exh. 1). Plaintiff attached the pay checks of his son, Eduardo Perez as the Plaintiff's alleged proof of Granite Masters' alleged illegal scheme in violation of the FLSA. (Dkt. 8, Exh. D). Perez no longer works for Granite Masters. (Defendant's Exh. 1). Since Plaintiff and Perez are father and son, it would have been easy to obtain an opt-in certification from Perez, especially since Perez no longer works for the Granite Masters, and further, is related to the Plaintiff. By not doing so, it is direct proof that Perez is not similarly situated, and in addition, it is proof that the Granite Masters did not violate the FLSA to its other employees.

Plaintiff, on behalf of himself, and the Collective class, has asked this Court to issue the following: (1) an order authorizing the Plaintiff to provide notice of this action to the "Collective class" (2) an order authorizing the Plaintiffs to mail "opt-in" consent forms to the Collective Class; (3) an order directing the Granite Masters to, within 14 days to provide the names, addresses and electronic mail addresses of all persons currently or formerly employed by Granite Masters; and (4) an Order directing Granite Masters and their agents from seeking to obtain releases and waivers from members of the putative class of their FLSA claims. (Dkt. 8, page 11).

In short, Plaintiff seeks conditional certification of the Collective class for the commencement of a collective action against Granite Masters pursuant to the FLSA. The Court should deny the Plaintiff's requests for orders authorizing the Plaintiff to provide notice of his action to the Plaintiff class, directing Granite Masters to provide the names and addresses of current and former employees who have worked more than 40 hours in any given workweek and authorizing the Plaintiff to mail "opt-in" consent forms to the Collective class for several reasons. First, the Plaintiff fails to establish the existence of a Plaintiff class, especially since the Plaintiff could not even have his own son, Eduardo Perez sign an "opt-in" consent form. Second, the Plaintiff fails to identify a common Granite Masters policy or plan that violated the law. Finally, the Plaintiff does not establish that he is similarly situated to other Granite Master employees.

### III.     THE LEGAL STANDARD FOR A COLLECTIVE ACTION UNDER THE FLSA.

Under the FLSA, Plaintiffs may bring a collective action on behalf of themselves "and other employees similarly situated" to recover unpaid overtime compensation. 29 U.S.C. § 216(b) Collective FLSA actions proceed under a two step process. *See Garcia v. Salamanca Grp., Ltd.* 2008 WL 818632, at *2 (N.D. Ill. Mar. 24 2008). First, the Plaintiff must show that there are similarly situated employees who are potential claimants. *Meilke v. Laidlaw Transit, Inc.,* 313 F. Supp. 2d 759 (N.D. Ill. 2004). To do this, "the plaintiff must make a *modest* factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.,* 289 F. Supp. 1042, 1045 (N.D. Ill. 2003). If the Plaintiff makes the requisite "modest factual showing," the Court may allow notice of the case to be sent to similarly situated employees, who then have an opportunity to opt in as Plaintiffs. *Heckler v. DK Funding, LLC,* 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007).

In the second step, following the completion of the opt-in process and further discovery, the defendants may ask the Court to "re-evaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Telephone Co.,* 2008 WL 4191763, at 2 (N.D. Ill. 2008). If the Court determines that such similarities do not exist, it may revoke the conditional certification. *Id.*

IV.   ARGUMENT

   A.   **PLAINTIFF FAILS TO SATISFY HIS MINIMAL BURDENS FOR PROCEEDING UNDER A COLLECTIVE ACTION.**

      i.   **No Class of Similarly Situated Persons.**

Plaintiff has not shown that he is similarly situated to the employees which he purportedly represents. Section 16(b) authorizes the court only "in an appropriate case" to order the Defendant to identify potential members for purposes of the Plaintiff sending notice. 29 U.S.C. § 216(b). "One such appropriate condition [the court] must make [plaintiff's] right to notify potential plaintiffs is that he first must make a threshold showing that he is similarly situated to those whom he proposes to represent." *Clausmen v. Nortel Networks, Inc.,* 2003 U.S. Dist. LEXIS 11501, 7-10 (S.D. Ind. 2003), *Reich v. Homier Distributing Co., Inc.,* 2005 U.S. Dist. LEXIS 4383, 11-15 (N.D.Ind 2005), *citing Pfaahler v. Consultants for Architects, Inc.,* 2000 U.S. Dist. LEXIS 1772, 2 (N.D. Ill. 2000). Plaintiff must show a "demonstrated similarity among individuals." *Clausman,* 2003 U.S. Dist. LEXIS at 8.

Courts have specifically rejected that a Plaintiff may establish the similarly situated requirement because of Defendant's alleged common failure to pay overtime. *Reich v. Homier Distributing Co., Inc,* 2005 U.S. Dist. LEXIS 4383, 11-15 (N.D.Ind. 2005).

Plaintiff asks that this Court Order Granite Masters to produce the names and the addresses of all employees employed by Granite Masters in the past three years. Plaintiff does not even limit his request to employees that shared the same position as the Plaintiff. In fact, nowhere in the Plaintiff's affidavit does it even state the position he held with Granite Masters, or how he is similarly situated to the employees that he specifically named. Plaintiff claims that Eduardo Perez also possibly was not paid his overtime wages, however, does not state what Perez' position was, or whether the Plaintiff or Perez shared the same position. This would have

been easy to do, since Perez is the Plaintiff's son. (Exh. 1). Likewise, if both Perez and the Plaintiff were similarly situated, as the Plaintiff claims, it would have been easy to obtain an affidavit or an opt-in form as required by the FLSA from Perez. Perez no longer works for Granite Masters, and thus, the fear of retaliation would be minimal. *Id.* Instead, Plaintiff attaches a couple of checks from Perez that shows nothing, only that Granite Masters paid Perez for all of the hours Perez worked, and may have overpaid Perez.

Plaintiff then claims that he "heard" other employees state that they too were not paid overtime. Said statements are classic hearsay, are inadmissible and must be disregarded. Fed. R. Evid. 801(a)(c); 802. Some of the very employees who the Plaintiff claims were not compensated for their wages, have signed statements to the contrary, including but not limited to "Gonzalo," "Isidids," "Edwin," "Carlos," "Roberto," "Ramon," "Juan," "Guillermo," and "Jesus." (Exhs. 2). All of the above employees have stated that these employees "have received and been fully compensated" by Granite Masters, "for any and all wages and overtime owed from the day of employment until present," therefore, directly contradicting the Plaintiff's self-serving affidavit. Further, the above employees stated that they "have not been coerced or threatened in any way to sign this release and [are] doing so voluntarily of [their] own sound mind and body." Said employee statements are again directly contrary to the Plaintiff's affidavit claiming that said employees are fearful of retaliation by Granite Masters. Furthermore, there are employees who work for Granite Masters that may have worked more than 40 hours in a work week, but are exempt from the FLSA's overtime requirements based on their salaries, and/or job duties. Other employees who are not exempt may have worked in excess of 40 hours in a week and have been compensated in accordance with the FLSA and thus, asking for all of the employees' information is overbroad.

As such, Plaintiff has not met his burden of proving how he is similarly situated, and additionally, Plaintiff's request is overly broad, unsupported and must be denied. *Burns v. Village of Wauconda,* 1999 U.S. Dist. LEXIS 11230 (N.D. Ill. 1999)(denying Plaintiff's motion to send notice based on bare assertions) *discussing Shusan v. University of Colorado at Bolder,* 132 F.R.D. 263, 268 (D. Colo. 1990)("I cannot accept the extraordinary assertion that a party can file a complaint, claiming to represent a class whose preliminary scope is defined by him, and by that act alone obtain a court order which conditionally determines parameters of the potential class and requires discovery concerning members of that class."), *see also Haynes v. Singer Co.,* 626 F. 2d 884, 887 (11th Cir. 1983)(declining to issue notice where plaintiff offered only unsupported allegations of FLSA violations).  Therefore, Plaintiff's request for an order directing Granite Masters to provide the names and addresses of all persons currently or formerly employed by Granite Masters for the past three years, who have worked more than 40 hours in one work week should be denied.

**ii.        No Common Policy of Plan**

To be entitled to have notice sent to similarly situated persons as potential class members, Plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. *Flores v. Lifeway Foods, Inc.,* 289 F. Supp. 2d 1042 (N.D. Ill. 2003).  Plaintiff herein cannot make such a showing and thus, the Plaintiff's Motion must be denied in its entirety.

Plaintiff attempts to make a showing by attaching his self-serving affidavit stating that he "heard" other employees advise that they too were not paid overtime.  Such is classic hearsay, is inadmissible for any purpose and must be disregarded. Plaintiff further attaches his own

paychecks. Plaintiff's paychecks alone are not sufficient to warrant this Court to grant the Plaintiff's Motion.

In Exhibit A-1. Plaintiff claims that he was not paid .18 hours of overtime. However, if one looks at the paycheck stub, Plaintiff was overpaid. Plaintiff worked 46.44 hours for Granite Masters. Granite Masters paid Plaintiff $14 an hour for 46.44 hours. Granite Masters then paid Plaintiff an additional $7 an hour for 6.28 hours. The remainder .18 hours would equal $1.26. If one looks at the paycheck, Granite Masters also paid the Plaintiff an additional $25 and thus, overpaid the Plaintiff $23.74. In fact, most if not all of the weeks the Plaintiff was employed by Granite Masters, Granite Masters would pay an additional $15-25 dollars, even if Granite Masters failed to work 40 hours in said week and thus, Granite Masters paid Plaintiff more than what was owed.[1] There is no evidence by Exh. A-1, or adding all of the wages together, including the extra $15-25 a week, that the Granite Masters owed any wages to the Plaintiff, and thus, Plaintiff's claim was meritless and further said evidence alone is not proof that ***other putative plaintiffs' together were potentially victims of a common policy or plan in violation of the FLSA***[2]

Plaintiff then attaches a few paycheck stubs of his son, Eduardo Perez. Perez does not attest that said paycheck stubs were in fact his, nor does the Plaintiff attach an affidavit from Perez stating that he too was not paid overtime or was similarly situated. Said would be easy to

---

[1] This Court should disregard the Plaintiff's statement that Granite Masters have "informally argued" that "none of the parties ever understood or attempted to characterize these payments as overtime" on the basis, that (1) the Granite Masters has never argued this position, (2) the only thing that is relevant is whether the Plaintiff was compensated for time worked pursuant to the FLSA, and not what the parties' understanding of whether the additional payments were for overtime, and (3) said statement is pure speculation as to what Granite Master's understanding, or lack thereof, was as to what said payments were for.

[2] Plaintiff further claims that Granite Masters "failed to correctly record the number of hours he worked, and in fact, Plaintiff worked more hours than documented." Dkt. 8, para. 25. However, Plaintiff only provides his self-serving affidavit as proof. Granite Masters has denied this allegation. See Granite Masters' Answer. Plaintiff also claims that even with the documented hours dated on his check, Plaintiff still made less than the $14 an hour. *See Dkt. 8, para. 26.* Said statement is directly contradicted by Plaintiff's own paycheck stubs. Even if said allegations were true, said is not evidence that Granite Masters "failed and refused to pay overtime compensation ***to numerous employees,***" thus, warranting certification.

do since Perez is the Plaintiff's son, and Perez no longer works for the Plaintiff. (Exh. 1). In said paychecks, two of said pay checks indicate that Perez worked forty hours and was paid $14 an hour for the 40 hours worked. There was no indication that Perez worked more than 40 hours. The third check shows that Granite Masters paid Perez $711.90 for one hour worked. Said is again no evidence of a scheme to violate the FLSA. Instead, it shows that Granite Masters grossly *overpaid* Perez for the time worked. Further, if one multiplies 40 hours a week times $14 an hour, it would equal $560, thus, indicating Granite Masters did pay Perez overtime, again not a scheme in violation of the FLSA. *Flores v. Lifeway Foods, Inc.,* 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)(plaintiffs failed to meet the modest factual showing required to send class notice where based on only two out of fifty employees unrebutted proffer that they were denied overtime pay).

As stated above, the Plaintiff's sole affidavit is insufficient to provide this Court with a modest showing that Plaintiff and similarly situated employees, together were victims of a common policy or plan that violated the law. *Flores v. Lifeway Foods, Inc.,* 289 F. Supp. 1042, 1045 (N.D. Ill. 2003). Likewise, the Plaintiff has not even shown that the other employees shared the same title, were paid the same wage, or were paid pursuant to a common plan or policy. *Id; see also, Mooney v. Aramco Services, Co.,* 54 F. 3d 1207, 1214 (5th Cir. 1995)(requiring substantial allegations that class members were together victims of a single decision, policy or plan), *Reich v. Homier Distributing Company, Inc.,* 2005 U.S. Dist. LEXIS 4383, 11-15 (N.D. Ind. 2005)(where it would be impossible for a court to render a class-wide determination on liability, notification to a potential class is inappropriate).

Plaintiff, therefore, has not only failed to establish that he and his son, Eduardo, was subject to a common plan or policy, but Plaintiff has also failed to establish a potential class of

9

employees who was subject to a common policy or plan and determination of any such class would require a fact-intensive inquiry into each employee's position; method of pay; and dates of employment due to the policy payroll change in March 2004. Accordingly, Plaintiffs' motion should be denied, as it is inappropriate for the Court to engage in a fact-intensive inquiry to identify potential class members. *Clausman v. Nortel Networks, Inc.,* 2003 U.S. Dist. LEXIS 11501, 7-10 (S.D. Ind. 2003)(prohibiting plaintiff from sending notice to potential class members where court would be required to make a fact-intensive inquiry into each potential plaintiff's employment situation).

**B.     GRANITE MASTERS' OBJECTS TO THE PROPOSED NOTICE.**

Notwithstanding and without abandoning the foregoing arguments, Defendants object to Plaintiffs' proposed notice form in the following respects:

**i.     No Caption of This Lawsuit Should Accompany the Notice.**

The Supreme Court has made clear that courts need to take great care to avoid even the appearance of judicial endorsement of the merits of an action and must be scrupulous to respect judicial neutrality in the form of notices of lawsuit in collective action cases. *Hoffman –La Roche v. Sperling*, 493 U.S. 165, 172 (1989). Lower courts have routinely held that such notices may not appear to have been sent by the Court. Accordingly, the inclusion of the court caption as the introduction to Plaintiffs' proposed Notice form is highly improper and any such Notice should come clearly on the letterhead of Plaintiffs' counsel and not what may appear to be the "letterhead" (*i.e.,* caption) of this Court. Understandably, the consent forms will contain a court caption; however, the initial Notice form should not contain any such caption for the confusion it may cause as to judicial endorsement and the court's own role in actually issuing any such notice of lawsuit.

### ii. Consent Forms Should Be Sent Directly To The Clerk Of The Court, and Not Plaintiff's Counsel.

Plaintiff's proposed consent form requires that it be sent directly to counsel for the Plaintiff. Granite Masters request that if this Court Grants the Plaintiff's Motion that the consent forms be delivered directly to the Clerk of the District Court, and not counsel for the Plaintiff. *Johnson v. HH3 Trucking, Inc.,* 2003 U.S.Dist. LEXIS 23115, *6 (N.D.Ill. 2003)("Based on this court's research, it is clear that in these types of cases the consent forms should be sent to the Clerk of the Court and not to Plaintiff's counsel") *citing Burns v. Village of Wauconda*, 1999 U.S.Dist. LEXIS 11230 (N.D.Ill. 1999), *Garcia v. Elite Labor Services, Ltd.,* 1996 U.S.Dist. LEXIS 9824 (N.D.Ill. 1996).

### iii. Notice Should Not Refer To Attorney Fees.

Plaintiff's proposed Notice includes a detailed description of attorney fees and costs and is misleading, incomplete, inducing in nature, and ought not be included in the Notice. Just as courts do not permit defendants to add language to proposed notices that if the plaintiffs lose they may be liable for court costs reasoning that such language may be intimidating, courts should not similarly allow plaintiff's attorneys to include language implying that they will not have to pay any attorney fees or costs to join the lawsuit, as such language constitutes an improper inducement to join the suit and is at the same time deceptive. Indeed, all litigants are responsible for any court costs incurred in litigation and any litigants to this lawsuit could be liable for Defendants' costs as well. Any reference, therefore, to attorney fees is both unnecessary and improper, particularly where incomplete, not subject to review (as Plaintiff's attorney has not attached a fee agreement) and sent to individuals who have not made a decision to enter the litigation or hire any attorney in pursuit of alleged claims. The reference to fees and costs of litigation should therefore be removed.

B.  **PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER SHOULD BE DENIED.**

Plaintiff has sought a protective order from this Court enjoining Granite Master's ability to communicate with alleged prospective class members about the litigation and/or issues under their alleged FLSA claims.  It is Granite Masters' understanding that Plaintiff has attempted to contact said prospective class members to see if they are interested in joining the class prior to the filing of said Motion, i.e. obtaining Eduardo Perez' paycheck stubs.  Any order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect weighing the need for limitation and potential interference with the rights if parties.  *Gulf Oil Company v. Bernard,* 452 U.S. 89, 101 (1981).  No such basis exists.  *Flores v. Lifeway Foods, Inc.,* 289 F. Supp. 1042, 1045 (N.D. Ill. 2003)(denying request for protective order limiting communications with potential class even where plaintiff alleged that company president attempted to require plaintiff to sign papers regarding the case).  As discussed above, Plaintiff does not have a basis for a class action certification, and thus, this Court should further deny the protective order.

WHEREFORE, Defendants, for the reasons stated above, respectfully request that this Honorable Court deny the Plaintiff's Motion in its entirety, and for any and all other just and proper relief in the premises.

Respectfully Submitted,

**LAW OFFICE OF ANNA M. HEARN**

By:___/s Anna M. Hearn_____
ANNA M. HEARN, Atty. No. 21564-64A
35 Castleton Road
Valparaiso, Indiana 46385
(219) 465-6032
Counsel for Defendants

12

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 22nd, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      _s/ Anna M. Hearn_____